TENNESSEE COAL, IRON & RAILROAD COM-
PANY *v.* GEORGE.

ERROR TO THE COURT OF APPEALS OF THE STATE OF
GEORGIA.

No. 299.  Argued March 17, 1914.—Decided April 13, 1914.

While the courts of a State are bound to give full faith and credit to all substantial provisions of a statute of another State creating a transitory cause of action which inhere in the cause of action or which name conditions on which the right to sue depends, venue is no part of a right, and whether jurisdiction exists is to be determined by

the law of the State creating the court in which the case is tried.

A State cannot create a transitory cause of action and at the same time destroy the right to sue thereon in any court having jurisdiction although in another State.

The jurisdiction of a court over a transitory cause of action cannot be defeated by the extraterritorial operation of a statute of another State even though the latter created the cause of action.

The statute of Alabama making the master liable to the employé for defective machinery created a transitory cause of action which can be sued on in another State having jurisdiction of the parties, notwithstanding the statute provides that all actions must be brought thereunder in the courts of Alabama and not elsewhere.

A state court does not deny full faith and credit to a statute of another State by taking jurisdiction of a transitory cause of action created thereby, although such statute provides that the action can only be brought in the courts of the enacting State. *Atchison &c. Ry.* v. *Sowers,* 213 U. S. 55.

11 Ga. App. 221, affirmed.

THE facts, which involve the validity of a judgment of the courts of the State of Georgia and the determination of whether those courts gave full faith and credit to a statute of the State of Alabama affecting the cause of action, are stated in the opinion.

*Mr. Alexander W. Smith* for plaintiff in error:

The mandate of the full faith and credit clause of the Constitution of the United States is not obeyed in the courts of a State when it recognizes the public acts of a sister State, creating a right of action nonexistent at the common law, and refuses compliance with the provision of the same statutes restricting the enforcement of that right to the courts of competent jurisdiction in the State creating it. *A., T. & S. F. Ry.* v. *Sowers,* 213 U. S. 55; *El Paso &c. Ry.* v. *Gutierrez,* 215 U. S. 87.

The condition, or limitation, put upon a right of action created by statute, and not existing at common law, inheres in the right itself and follows it into other jurisdictions. *Galveston &c. Ry. Co.* v. *Wallace,* 223 U. S. 481, 490;

*The Harrisburg,* 119 U. S. 199; *Davis* v. *Mills,* 194 U. S. 451, 454; *Munos* v. *So. Pac. Co.,* 51 Fed. Rep. 188; *Stern* v. *LaCompagnie &c.,* 110 Fed. Rep. 996 (2); *The Edna* (Ala. statute), 185 Fed. Rep. 206; *United States* v. *Boomer,* 183 Fed. Rep. 726; *Coyne* v. *So. Pac. Co.,* 155 Fed. Rep. 683.

Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right.

Such a condition, or limitation, need not be contained in the same statute. It operates the same way if it be specially attached to such a statutory right of action subsequently and in a different statute. *Davis* v. *Mills,* 194 U. S. 451, 454.

The courts of the United States take judicial notice of the public laws of each State of the Union. *Mills* v. *Green,* 159 U. S. 651, 657.

Where a limitation to local courts is affixed to a cause of action existing at the common law, and independently of the statute affixing it, the limitation may be disregarded as in the *Sowers Case, supra.* A well defined distinction exists between cases based on common law liability and those depending on statutory rules of liability. *Charleston &c. Ry. Co.* v. *Miller,* 113 Georgia, 15; *Chicago &c. Ry. Co.* v. *Ross,* 112 U. S. 377, 382; *Missouri &c. Ry. Co.* v. *Mackey,* 127 U. S. 205; *B. & O. R. R.* v. *Baugh,* 149 U. S. 368, 378, 379; *Missouri Pac. Ry.* v. *Castle,* 224 U. S. 541; *Employers' Liability Cases,* 207 U. S. 463, 537; *Second Employers' Liability Cases,* 223 U. S. 1, 49; *Mobile Ry. Co.* v. *Holburn,* 84 Alabama, 133; *S. C.,* 4 So. Rep. 146.

"Interstate venue," or venue as between different countries, is jurisdictional. "Municipal venue," or venue as between different places in the same jurisdiction, as a rule has to do with procedure merely. *Ellenwood* v. *Marietta Chair Co.,* 158 U. S. 105, 108; *British So. Africa Co.* v. *Companhia &c.,* 2 Q. B. 358.

There is a distinction between the existence of jurisdiction in a given court and its proper exercise in a given case therein. *Smith* v. *McKay,* 161 U. S. 355, 358; *Louisville Trust Co.* v. *Knott,* 191 U. S. 225, 233; *United States* v. *Larkin,* 208 U. S. 333, 338; *Fore River &c.* v. *Hagg,* 219 U. S. 175; Van Fleet's Collateral Attack, Chap. IV.

*Dennick* v. *R. R. Co.,* 103 U. S. 11, 18; *Texas &c. Ry. Co.* v. *Cox,* 145 U. S. 593; *Stewart* v. *B. & O. R. R.,* 168 U. S. 445; *Whitman* v. *Oxford National Bank,* 176 U. S. 559, can be distinguished, as in not one of these cases was the right of action restricted or limited by the law which created it, and that restriction disregarded.

The principle involved is closely analogous to that found in the decisions relative to the enforcement of "death statutes" enacted in one State and invoked in another. All restrictions and limitations therein found are enforced everywhere. *Slater* v. *Mex. Nat. R. R.,* 194 U. S. 120, 126; *Chambers* v. *B. & O. R. R.,* 207 U. S. 142.

So, also, it is analogous to the application of statutes of limitations of the *lex loci* in the forum. *Davis* v. *Mills,* 194 U. S. 451, 457; *Selma &c.* v. *Lacey,* 49 Georgia, 106.

So, also, it is analogous to the question of statutory venue of suits under the act of Congress authorizing actions on contractors' bonds in Government work. *Davidson &c. Co.* v. *Gibson,* 213 U. S. 10, 16; *United States* v. *Boomer* (8 C. C. A.), 183 Fed. Rep. 726; *United States* v. *Congress Construction Co.,* 222 U. S. 199; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Sowers,* 213 U. S. 55.

Inasmuch as the statutes of Alabama, here under consideration, confessedly create a new and statutory cause of action, expressly abrogating common law principles otherwise applicable, the *Sowers Case, supra,* does not support the judgment.

*Mr. Reuben R. Arnold* for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

Wiley George, the defendant in error, was an engineer employed by the Tennessee Coal, Iron and Railroad Company at its steel plant in Jefferson County, Alabama. While he was under a locomotive repairing the brakes, a defective throttle allowed steam to leak into the cylinder causing the engine to move forward automatically in consequence of which he was seriously injured.　He brought suit by attachment, in the City Court of Atlanta, Georgia, founding his action on § 3910 of the Alabama Code of 1907, which makes the master liable to the employé when the injury is "caused by reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the master or employer."

The defendant filed a plea in abatement in which it was set out that § 6115 of that Code also provided that "all actions under said section 3910 must be brought in a court of competent jurisdiction within the State of Alabama and not elsewhere."　The defendant thereupon prayed that the action be abated because "to continue said case on said statutory cause of action given by the statutes of Alabama and restricted by said statutes to the courts of Alabama, . . . would be a denial so far as the rights of this defendant are concerned, of full faith and credit to said public acts of the State of Alabama in the State of Georgia, contrary to the provisions of Art. 4, § 1 of the Constitution of the United States."　A demurrer to the plea in abatement was sustained and the judgment for the plaintiff thereafter entered was affirmed by the Court of Appeals.　The case was then brought to this court.

The record raises the single question as to whether the full faith and credit clause of the Constitution prohibited the courts of Georgia from enforcing a cause of action

given by the Alabama Code, to the servant against the master, for injuries occasioned by defective machinery, when another section of the same Code provided that suits to enforce such liability "must be brought in a court of competent jurisdiction within the State of Alabama *and not elsewhere.*"

There are many cases where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act. For the rule is well settled that "where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed." *Pollard* v. *Bailey*, 20 Wall. 520, 527; *Galveston Ry.* v. *Wallace*, 223 U. S. 481, 490; *Stewart* v. *B. & O. R. R.*, 168 U. S. 445; *National Bank* v. *Francklyn*, 120 U. S. 747, 753.

But that rule has no application to a case arising under the Alabama Code relating to suits for injuries caused by defective machinery. For, whether the statute be treated as prohibiting certain defenses, as removing common law restrictions or as imposing upon the master a new and larger liability, it is in either event evident that the place of bringing the suit is not part of the cause of action,—the right and the remedy are not so inseparably united as to make the right dependent upon its being enforced in a particular tribunal. The cause of action is transitory and like any other transitory action can be enforced "in any court of competent jurisdiction within the State of Alabama. . . . " But the owner of the defective machinery causing the injury may have removed from the State and it would be a deprivation of a fixed right if the plaintiff could not sue the defendant in Alabama because he had left the State nor sue him where the defendant or his property could be found because the statute did not permit a suit elsewhere than in Alabama. The injured plaintiff may likewise have moved from Alabama and for that, or other, reason may have found it to his interest to

bring suit by attachment or *in personam* in a State other than where the injury was inflicted.

The courts of the sister State trying the case would be bound to give full faith and credit to all those substantial provisions of the statute which inhered in the cause of action or which name conditions on which the right to sue depend. But venue is no part of the right; and a State cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a statute of another State, even though it created the right of action.

The case here is controlled by the decision of this court in *Atchison &c. Ry.* v. *Sowers,* 213 U. S. 55, 59, 70, where the New Mexico statute, giving a right of action for personal injuries and providing that suits should be brought after certain form of notice in a particular district, was preceded by the recital that "it has become customary for persons claiming damages for personal injuries received in this Territory to institute and maintain suits for the recovery thereof in other States and Territories to the increased cost and annoyance and manifest injury and oppression of the business interests of this Territory and in derogation of the dignity of the courts thereof." Despite this statement of the public policy of the Territory, the judgment obtained by the plaintiff in Texas was affirmed by this court in an opinion wherein it was said that where an action is brought in "another jurisdiction based upon common law principles, although having certain statutory restrictions, such as are found in this [territorial] act as to the making of an affidavit and limiting the time of prosecuting the suit, full faith and credit is given to the law, when the recovery is permitted, subject to the restrictions upon the right of action imposed in the Territory enacting

the statute. . . . When it is shown that the court in the other jurisdiction observed such conditions, and that a recovery was permitted after such conditions had been complied with, the jurisdiction thus invoked is not defeated because of the provision of the statute" requiring the suit to be brought in the district where the plaintiff resides or where the defendant, if a corporation, has its principal place of business.

It is claimed, however, that the decision in the *Sowers Case* is not in point because the plaintiff was there seeking to enforce a common law liability, while here he is asserting a new and statutory cause of action. But that distinction marks no difference between the two cases because in New Mexico, common law liability is statutory liability— the adopting statute (Compiled Laws, § 1823), providing that "the common law as recognized in the United States of America shall be the rule of practice and decision."

The decision in the *Sowers Case*, however, was not put upon the fact that the suit was based on a common law liability. The court there announced the general rule that a transitory cause of action can be maintained in another State even though the statute creating the cause of action provides that the action must be brought in local domestic courts.

In the present case the Georgia court gave full faith and credit to the Alabama act and its judgment is

*Affirmed.*

Mr. Justice Holmes dissents.