## BROWN v. RETURN LOADS BUREAU, Inc., et al.

District Court, S. D. New York.
Aug. 10, 1936.

Duncan & Mount, of New York City, for plaintiff.

Abraham Singer, of New York City, for defendants Return Loads Bureau, Inc., and J. C. Pugh.

LEIBELL, District Judge.

This action is brought by an administratrix, duly appointed by the probate court of Jefferson county, Ala., against four defendants, to recover damages for the death of plaintiff's intestate which, it is alleged, was caused by the negligence of the defendants.

The motion to dismiss the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action is made by two of the defendants, Return Loads Bureau, Inc., and J. C. Pugh.

In paragraph twelfth of the complaint, section 5696 of the 1923 Code of the State of Alabama is set forth. The section provides in part: "A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death."

The statute creates a right on the part of the administratrix to sue for damages sustained by wrongful death, but also provides that the action must be prosecuted "within the State of Alabama, and not elsewhere." It is upon this provision of the Alabama statute that the defendants rely in making this motion and in this manner seek to raise the question of this court's jurisdiction over the subject-matter of the action.

Plaintiff sues herein upon the transitory right of action which is given her by the laws of the state of Alabama. She is a citizen and resident of Alabama. The two defendants who make this motion are citizens and residents of the state of New York. The amount sued for exceeds $3,-000. This court has jurisdiction over this action against the said two defendants, unless the provision of the Alabama statute with respect to venue is a bar.

In Tennessee Coal, I. & R. Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L. Ed. 997, L.R.A. 1916D, 685, the Supreme Court of the United States passed upon an Alabama statute which, after creating a statutory cause of action in favor of an

1074

employee against his employer, contained a provision that the action "must be brought in a court of competent jurisdiction within the state of Alabama, and not elsewhere." The cause of action so created was sued upon in Georgia, where the courts of that state held that they had jurisdiction despite the provision of the Alabama statute with respect to venue.

The United States Supreme Court, discussing the attempt to limit the venue of the action, said, 233 U.S. 354, at page 360, 34 S.Ct. 587, 589, 58 L.Ed. 997, L.R.A. 1916D, 685: "A state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation, and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action."

The reason for the rule was stated as follows: "But the owner of the defective machinery causing the injury may have removed from the state, and it would be a deprivation of a fixed right if the plaintiff could not sue the defendant in Alabama because he had left the state, 'nor sue him where the defendant or his property could be found because the statute did not permit a suit elsewhere than in Alabama. The injured plaintiff may likewise have moved from Alabama, and for that, or other, reason may have found it to his interest to bring suit by attachment or in personam in a state other than where the injury was inflicted."

In its decision the Supreme Court considered the case of Atchison, T. & S. F. R. Co. v. Sowers, 213 U. S. 55, 29 S.Ct. 397, 53 L.Ed. 695, controlling. Referring to the Sowers Case the court said: "The court there announced the general rule that a transitory cause of action can be maintained in another state even though the statute creating the cause of action provides that the action must be brought in local domestic courts."

The very statute involved in the case at bar, namely, section 5696 of the Alabama Code, was passed upon by the Supreme Court of Georgia in Slaton v. Hall, 172 Ga. 675, 158 S.E. 747, 751. The court there held that the provisions of the Alabama statute were ineffectual to control the ju-

risdiction of the Georgia court, where other jurisdictional requirements were complied with. The Georgia Supreme Court said: "The Legislature of one state cannot deny to one having a transitory cause of action originating in that state under one of its statutes the right to appeal to the courts of another state for the enforcement of his cause of action. Tennessee Coal, etc., Co. v. George, 11 Ga.App. [221] 223, 75 S.E. 567; Tennessee Coal, etc., Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997, L.R.A.1916D, 685."

Similarly, the Legislature of the State of Alabama cannot deny to the plaintiff in the case at bar the right to appeal to this court for the enforcement of the transitory cause of action in question. The jurisdictional requirements of this court being present, the case is properly here.

The motion of the defendants Return Loads Bureau, Inc., and J. C. Pugh, is accordingly denied. Settle order on two days' notice.