DAVIS *v.* SWIFT & CO.

(*Knoxville*, September Term, 1939.)

Opinion filed November 25, 1939.

JENNINGS & O'NEIL, and HOWARD F. JARVIS, all of Knoxville, for complainant.

POWERS & THORNBURG, of Knoxville, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The sole question involved in this proceeding is whether a claim under the Florida Workmen's Compensation Act will be enforced by a court of Tennessee.

The defendant, by plea in abatement, challenged the jurisdiction of the Tennessee court to grant the relief sought. To this plea plaintiff demurred. The chancellor overruled the demurrer, sustained the plea in abatement, and dismissed the suit.

Petitioner, while residing in Flordia, was employed by defendant to work at its plant at Fort Meade in that State, and while so employed, to-wit, on the 6th day of May, 1938, fell from a scaffold and received injuries which he alleges rendered him totally and permanently disabled.

It is averred in the petition that petitioner and defendant were subject to and were operating under the Florida Workmen's Compensation Act. It is further averred that defendant recognized its obligation to him under the Florida Compensation Act by rendering medical and hospital services as provided therein, and by making two payments of compensation; that he was induced by defendant to return to his original domicile in Sunbright, Tennessee, for the purpose of recuperating, and upon the assurance that he would be taken care of in compliance with the Compensation Law; that he did return to Tennessee on June 7, 1938, and on June 16th

following received a letter from defendant notifying him that its doctors had advised it that petitioner was able to return to work; hence it would pay him no further compensation. This suit followed that announcement.

A copy of the Florida Workmen's Compensation Act, Chapter 17481, Acts 1935, as amended by Chapter 18413, Acts 1937, by consent, was made an exhibit to the plea in abatement. This Act differs in many respects from our own law. Some of its important provisions are the following:

1. It is to be administered by the "Florida Industrial Commission," consisting of a chairman and two other members to be appointed by the governor.

2. The Commission is authorized and empowered "to make such rules and regulations as may be necessary to effectuate the purposes of this Act." Section 44.

3. A claim for compensation may be filed with the Commission in accordance with regulations prescribed by the Commission, and the Commission is given full power and authority to hear and determine all questions in respect of such claims.

4. The Commission shall make or cause to be made such investigation as it considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereof.

5. The hearing may be conducted by a deputy commissioner, or by any member of the Commission, who shall within twenty days after such hearing determine the dispute in a summary way.

6. If an application for review is made to the Commission within seven days from the date of notice of the award, the full Commission shall review the evidence, or if deemed advisable, hear the parties at issue,

their representatives and witnesses, and then make an award.

7. The Commission upon its own initiative may at any time make investigations and take such action as it deems proper (1) in which payments are being made without an award, and (2) where right to compensation is controverted, or where payments of compensation have been stopped or suspended.

8. The employer shall furnish such physician, surgeon, nurse and hospital service, medicine, crutches, artificial members, and apparatus for such period as the nature of the injury or the process of recovery may require. The Industrial Commission may at any time, for good cause shown it, in its discretion, order a change in such medical remedial attention.

9. Whenever the Commission deems it advisable it may require any employer to make a deposit with the State Treasurer to secure the prompt and convenient payments of such compensation.

10. From and after the Act becomes effective every employer and every employee, unless otherwise specifically provided, shall be presumed to have accepted its provisions, and shall be bound thereby.

11. The liability of an employer under the Act shall be exclusive of all other liability.

From the foregoing it will be readily seen that there is no machinery or agency in this state for enforcing such a contract as the parties hereto have voluntarily entered into.

An action for an award of compensation is a suit upon a contract. *Cornett* v. *City of Chattanooga*, 165 Tenn., 563, 56 S. W. (2d), 742; *Tidwell* v. *Chattanooga Boiler & Tank Co.*, 163 Tenn., 420, 43 S. W. (2d),

221; *Smith* v. *Van Noy Interstate Co.*, 150 Tenn., 25, 262 S. W., 1048, 35 A. L. R., 1409; 71 C. J., 239.

■ In *Tennessee Coal, I. & R. Co.* v. *George*, 233 U. S., 354, 359, 34 S. Ct., 587, 588, 58 L. Ed., 997, 999, 1000, L. R. A., 1916D, 685, it is said:

"There are many cases where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act. For the rule is well settled that 'where the provision for the liability is coupled with a provision for the special remedy, that remedy, that alone, must be employed.' *Pollard* v. *Bailey*, 20 Wall. [520], 527, 22 L. Ed. [376], 378; *Galveston, H. & S. A. R. Co.* v. *Wallace*, 223 U. S., [481], 490, 32 S. Ct., 205, 56 L. Ed., [516], 522; *Stewart* v. *Baltimore & O. R. Co.*, 168 U. S., 445, 18 S. Ct., 105, 42 L. Ed., 537; *Fourth Nat. Bank* v. *Franklyn*, 120 U. S., [747], 753, 7 S. Ct., 757, 30 L. Ed., [825], 828."

In *Johnson* v. *Employers Liability Assur. Corporation*, 99 S. W. (2d), 979, 980, the Court of Civil Appeals of Texas, speaking through Chief Justice WALKER, said: "It is an established principle of American jurisprudence that the policy of each state decides whether and to what extent its courts will entertain jurisdiction of transitory actions arising in other jurisdictions under their peculiar statutes. *Chambers* v. *Baltimore, etc., R. Co.*, 207 U. S., 142, 28 S. Ct., 34, 52 L. Ed., 143; *Dougherty* v. *American McKenna Process Co.*, 255 Ill., 369, 99 N. E., 619, L. R. A., 1915F, 955, Ann. Cas., 1913D, 568; *Boston & Maine R. R.* v. *Hurd* (C. C. A. [1 Cir.]), 108 F., 116, 56 L. R. A., 193."

The court held in that case that in view of the difference between the Employers' Liability Act of Louisiana and the Workmen's Compensation Act of Texas, and the differences in trial procedure, the Texas courts would

not adjudicate the rights of parties under the Louisiana Employers' Liability Act for an injury occurring in that state while plaintiff was working under a contract of employment made in Louisiana and to be performed wholly within that State.

In the later case of *Federal Underwriters Exchange* v. *Doyle,* 110 S. W. (2d), 618, the Court of Civil Appeals of Texas adhered to the rule announced in the Johnson case.

In *Logan* v. *Missouri Valley Bridge & Iron Co.,* 157 Ark., 528, 249 S. W., 21, 23, 24, the court, in announcing that it would not enforce a claim under the Oklahoma Workmen's Compensation Act, said: "Appellant's right of action is transitory, but an examination of the Oklahoma Workmen's Compensation Act, of which we take judicial notice, will discover that no machinery is provided by statute by which appellant could avail himself of the benefits of the Workmen's Compensation Act in this state. Likewise there are no judicial processes in this state that could be adapted to the enforcement of the provisions of the Oklahoma Workmen's Compensation Act."

In *Cole* v. *Industrial Commission,* 353 Ill., 415, 187 N. E., 520, 522, 90 A. L. R., 116, the Supreme Court declined to enforce a claim under the Indiana Workmen's Compensation Act, section 6 of which provided that "the rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death." Burns Ann. St., 1933, section 40-1206.

The court, in declining to take jurisdiction, said: "The

contract of employment herein having been entered into in the state of Indiana between parties who were subject to the terms of the Indiana Compensation Act, the provisions of the act for an exclusive remedy under it must prevail.''

In *Verdicchio* v. *McNab & Harlin Mfg. Co.*, 178 App. Div., 48, 164 N. Y. S., 290, 293, 294, the Supreme·Court, in declining to take jurisdiction where it was sought to recover a claim under the New Jersey Workmen's Compensation Act, said: ''There is no objection to the maintenance of a cause of action in the courts of this state based on a foreign statute which does not contravene any public policy of this state. The difficulty with the plaintiff's case, on the point now under consideration, is that the foreign statute does not give an independent cause of action enforceable anywhere. It has provided an administrative remedy by prescribed procedure in New Jersey as a substitute for any cause of action that there might otherwise be, and it was optional with the employee to accept it or not, and he stipulated with his employer to accept it.''

The Supreme Court of Missouri, in *Mosely* v. *Empire Gas & Fuel Co.*, 313 Mo., 225, 281 S. W., 762, 45 A. L. R., 1223, in a very able and exhaustive opinion, declined to take jurisdiction with respect to a claim under the Workmen's Compensation Act of the State of Kansas. The reasons given in support of that decision are (1) that the remedy is exclusive where the employer and employee have elected to come within the provisions of the act; (2) that the rule making power provided in the Kansas Act cannot have the extraterritorial effect of authorizing a court of Missouri to make such rules; (3) a statute of Kansas cannot confer upon a Missouri court in a suit for money a jurisdiction and a power wholly

unknown to the Missouri Code of Procedure; and (4) that by the Kansas statute the right and remedy are so united, and the provision for liability is so coupled with a provision for a special remedy to be administered by a designated tribunal with certain specific powers given, that the remedy must be sought in the designated tribunal.

In *Kennerson* v. *Thames Towboat Co.*, 89 Conn., 367, 381, 94 A., 372, 378, L. R. A., 1916A, 436, the exact question we are considering was not involved, but the court made the following pertinent observation:

". . . It is also argued that, if an act is given extraterritorial force, similar effect must be given to like laws of other states.

"If contracts of employment cover compensation for injuries outside the state, recovery for these will be governed by the usual rules for the construction and enforcement of all contracts.

"We should give similar effect to contracts of like character to those before us, though made under a compensation act of another jurisdiction, provided they did not conflict with our law or public policy, and the machinery provided for the ascertainment and collection of the compensation could be used in our jurisdiction.

"Where, as with us, the determination of the award is committed to a board or commission under a specified procedure, there will be serious obstacles to the enforcement of the contract in a foreign jurisdiction."

We have been cited to no authority, and have found none, where any court has undertaken to award compensation under the laws of another State with the single exception of our own case of *Employers' Liability Assur.* v. *Warren,* 172 Tenn., 403, 415, 416, 112 S. W. (2d), 837,

842, in which compensation was awarded under the Kentucky Workmen's Compensation Law, the court saying:

". . . Counsel for the company challenge the jurisdiction of the Tennessee Court to adjudge liability in this case for compensation under the Kentucky act. Suffice it to say that this question is first made in this court and comes too late. Jurisdiction over the subject-matter of compensation awards generally being in the circuit (among other) courts of this state, if defendants desired to make the question of procedure—that the Kentucky Compensation Board had exclusive power to make an award under the Kentucky statute—the question must have been made below. See *Campbell* v. *Illinois R. R. Co.,* 84 Tenn. (16 Lea), 270; Code section 8716; *Morgan Bros.* v. *Coal & Iron Co.,* 134 Tenn., 228, 238, 183 S. W., 1019, Ann. Cas., 1917E, 42. In the last-cited case the objection was, as here, that exclusive jurisdiction was in another court, that of bankruptcy (here in the Kentucky Compensation Board), and the court held that, no objection having been made in the lower court (which had jurisdiction over the subject matter generally), it came too late, when made for the first time on appeal.

 "Moreover, if we were called upon to pass on the question of jurisdiction here raised, the following excerpt from the opinion in *Douthwright* v. *Champlin,* 91 Conn., 524, at page 527, 100 A., 97, Ann. Cas., 1917E, 512, would be in point: 'The practical difficulties of enforcing the foreign contract, at least where the act is contractual, will not be as a rule insuperable if it is kept in mind that the right of compensation given by the act and the venue are totally different concepts. The act cannot create, and at the same time destroy, the right to sue upon a transitory action. The only actions to secure compensation under a foreign statute which

we cannot enforce are those ''where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act.'' *Tennessee Coal, I. & R. Co.* v. *George,* 233 U. S., 354, 359, 34 S. Ct., 587, 58 L. Ed., 997, L. R. A., 1916D, 685.' ''

This last sentence states a well-settled principle of law which is recognized and approved by all counsel in the present cause. *Douthwright* v. *Champlin, supra,* was a case falling within the provisions of the Workmen's Compensation Act of Connecticut. The opinion states: ''Both the claimant and respondent has accepted part B of chapter 138, P. A. 1913, and Champlin had insured his full liability in insurance companies authorized to take such risks.'' Douthwright received his injury while sinking an elevator shaft for his employer, Champlin, in Connecticut. The question before us was not involved in that case.

For the reasons set forth in the decisions referred to herein we hold that the courts of this State should not undertake to administer the compensation law of the State of Florida, but should remit the contracting parties to the forum of their own choosing.

The decree of the chancellor is affirmed.