William Edgar NAILEN, III, as Personal Representative of the Estate of Nancy Caroline Horn Brock and on Behalf of the Heirs at Law of Nancy Caroline Horn Brock, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. H88–0024(R).

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

July 18, 1988.

Dennis Harmon, Colom & Colom, Columbus, Miss., William W. Smith, Hogan, Smith, Alspaugh, Samples & Pratt, P.C., Birmingham, Ala., for plaintiff.

David L. Ayers, Hassell H. Whitworth, Watkins & Eager, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Motion for Summary Judgment filed by the defendant Ford Motor Company, Inc. (Ford), and the Court having examined said motion, together with briefs and exhibits submitted in support and response thereto, finds that for the reasons more fully set forth herein the defendant's motion is well taken and should be granted.

### I. FACTS

On January 6, 1988, William Edgar Nailen, III (plaintiff), alleging himself to be the

personal representative of the Estate of Nancy Caroline Horn Brock, filed his complaint against Ford Motor Company in the Circuit Court of Forrest County, Mississippi. Asserting theories of negligence and strict liability in tort, the plaintiff sought $1,250,000.00 compensatory damages, $20,000.00 funeral and other expenses due the Estate, and $5,000,000.00 punitive damages.

Because of the diversity of citizenship of the parties, and the amount for which the plaintiff sued, Ford properly removed this civil action to federal court on February 1, 1988. In its answer, Ford denied liability and asserted affirmative defenses claiming that the plaintiff's action should be dismissed because it is time-barred by the applicable limitations period and because the plaintiff failed to otherwise comply with Alabama's wrongful death statute.

For the purpose of this motion, the following facts appear not to be disputed by the parties.

On October 4, 1985, Nancy Brock resided in her Birmingham, Alabama home with her son, the plaintiff, her other son, Jay Nailen, and her daughter, Glennie Brock. A third son, George Nailen, was residing in Texas. As of that date, Nancy Brock was employed at the National Education Center in Birmingham, Alabama. At no time prior to October 4, 1985, had Nancy Brock resided or worked in the State of Mississippi. The same is true of her children.

The deceased was divorced from her second husband, Jon Brock, the natural father of Glennie. Jon Brock was, and is, a resident of Birmingham, Alabama. The residence of Nancy Brock's first husband, William Edgar Nailen, Jr., who is the father of the plaintiff, Jay and George, Jr., is believed to be in Birmingham. The deceased and her children have no known relatives in Mississippi.

On October 4, 1985, Nancy Brock, Jay Nailen and Glennie Brock, along with two friends of Nancy's, James H. Sullivan, Jr. and Christina Olive, were travelling from their homes in Birmingham through the State of Mississippi to Houston, Texas. Nancy Brock, Jay Nailen, Glennie Brock and James Sullivan were to visit Nancy's mother while Olive was to visit her parents. The five travellers, riding in the 1985 Ford Tempo purchased by the deceased from a dealership in Birmingham, Alabama, left Birmingham for Houston late on the afternoon in question. Olive resided in Birmingham where she was a student at the National Education Center. She has no known connection to Mississippi. James H. Sullivan, Jr., the other non-family passenger, was engaged to be married to the deceased. On October 4, 1985, he resided and worked in Birmingham, Alabama.

The group intended to drive straight through to Houston, changing drivers when needed, and avoiding extended or overnight stops. James Sullivan was at the wheel when the trip began. The group dined in Meridian, Mississippi, where Jay took over as driver. At this time Jay Nailen was just over fifteen years old, and had been driving under a learner's permit for only three to four months. Jay had never operated a motor vehicle during late night hours, or on "marathon" type trips of the kind here involved. The group left Meridian on I–59 South heading for Hattiesburg. At approximately 10:50 p.m. when the vehicle was just north of Hattiesburg, the fatal accident occurred. Nancy Brock and Christina Olive died at the scene. James Sullivan, Jay Nailen and Glennie Brock were treated at Forrest County Hospital and returned home to Birmingham within a few days.

After the accident, Nancy Brock's funeral and burial were in Birmingham, Alabama, and Jay Nailen and Glennie Brock were seen by physicians in Alabama. At all times since the accident, the plaintiff, Jay Nailen, Glennie Brock and James Sullivan, have resided in Birmingham, Alabama. Shortly after this accident, the Brock vehicle was transferred to Birmingham, Alabama, where it remains garaged in the custody of plaintiff's counsel.

On October 15, 1985, plaintiff was granted Letters of Administration by the Probate Court of Jefferson County, Alabama, to act as the Administrator of the Estate of his deceased mother, Nancy. After serv-

ing ten months as administrator, plaintiff was released and discharged when the estate was closed August 22, 1986.

## II.  DISCUSSION

As a federal court in Mississippi deciding a diversity action, a district court must necessarily apply Mississippi's conflict of laws rules. *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4, 96 S.Ct. 167, 168, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Siroonian v. Textron, Inc.*, 844 F.2d 289 (5th Cir.1988); and *Tennimon v. Bell Helicopter Textron, Inc.*, 823 F.2d 68, 70 (5th Cir.1987).

The parties agree that under Mississippi's conflict of laws rules the "center .of gravity" or "most substantial contacts" test enunciated by the Mississippi Supreme Court in *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968), should be utilized in determining which state's substantive law applies in this case.  The *Mitchell* court adopted the "center of gravity" or "most substantial contacts" test as it is set forth in the Restatement (Second) of Conflicts of Laws (Restatement).   Id. at 515–16.   See also, *Price v. Litton Systems, Inc.*, 784 F.2d 600, 602 (5th Cir.1986).   Under this test guidance for wrongful death actions is provided by section 175 of the Restatement, which directs that:

> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied.

*Price*, 784 F.2d at 602–03 (quoting *Mitchell*, 211 So.2d at 515 (emphasis added)).

The plaintiff's tort actions of negligence and strict liability are governed by section 145 of the Restatement, which provides that:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state

which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

> (2) Contacts to be taken into account in applying the principles of [Section] 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

*Price*, 784 F.2d at 603 (quoting *Mitchell*, 211 So.2d at 515).

It appears that although the parties are in agreement on the applicable law, they disagree on the result.   Ford argues that under the "center of gravity" or "most substantial contacts" analysis, Mississippi must necessarily look to Alabama for the applicable substantive law;  while the plaintiff argues that although under this analysis Mississippi should look to Alabama substantive law, Alabama's conflict of laws rules are substantive and therefore under the doctrine of *lex loci delicti*, which is adhered to in Alabama, the law of the place where the injury occurred controls.   Thus, the plaintiff contends that Alabama substantive law requires the application of Mississippi substantive law.

*a. Why Alabama's substantive law applies in this case.*

Without reiterating all of the facts previously set forth, suffice it to say that absent the accident, all of the other contacts in this case point towards Alabama. Under Mississippi's "center of gravity" or "most substantial contacts" analysis (and by admission of the parties), this Court should look to Alabama for the applicable substantive law.

Alabama's wrongful death statute provides in part that:

(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death.

\* \* \* \* \* \*

(d) Such action must be commenced within two years from and after the death of the testator or intestate.

Ala.Code § 6–5–410(a), (d) (1975).[1]

When presented with this statute and a question about its proper characterization, the Alabama Supreme Court determined that:

This [wrongful death] action is statutory and did not exist at common law. ... The statute requires that the action must be brought within two years after the death of the testator or intestate. This two year period is part of the substantive cause of action and is not to be treated as a statute of limitations. The two year period is not a limitation against the remedy only because after two years the remedy expires. (citations omitted)

*Downtown Nursing Home, Inc. v. Pool,* 375 So.2d 465, 466 (Ala.1979). See also, *McMickens v. Waldrop,* 406 So.2d 867, 869 (Ala.1981). Furthermore, consistent with Alabama courts, Mississippi courts have long held that where the time fixed in which an action can be brought is an integral part of the right created, the time fixed is not a statute of limitations but is a substantive condition so that "after the

time fixed in the statute [expires], the right to institute an action thereunder becomes extinct, not only in the state which created the right, but everywhere else." *Louisville and Nashville Railroad Company v. Dixon,* 168 Miss. 14, 20, 150 So. 811, 812 (1933); see also, *Bethlehem Steel Company v. Payne,* 183 So.2d 912, 916 (Miss. 1966). Furthermore, in *Ramsay v. Boeing Company,* 432 F.2d 592 (5th Cir.1970), the Fifth Circuit in interpreting *Louisville and Nashville Railroad* and *Bethlehem Steel* stated that:

Narrowly construed, these decisions stand for the proposition that Mississippi will follow a foreign prescriptive period imposed on a cause of action arising under a foreign statute if the prescription is contained in the statute creating the right of action. Considered in a broader sense, however, the rationale relied on in these cases clearly indicates that Mississippi would consider itself bound by a foreign prescription statute applicable to a cause of action arising under the laws of a foreign jurisdiction whenever the prescription statute conditions the existence of the right of action, rather than merely the pursuit of the remedy, in such a way as to extinguish the right of action after the specified period has elapsed, regardless of whether the prescription is "built in" to a statute creating the right of action.

*Ramsay,* 432 F.2d at 597.[2]

As noted earlier, Alabama's substantive law must be applied by this Court and accordingly because Alabama's wrongful death statute has been held to be substantive, an examination of the pertinent elements thereof must be made to determine if the plaintiff has complied. The prevalent elements require that: (1) the action must

---

**1.** In *Casrell v. Altec Industries, Inc.,* 335 So.2d 128, 134 (Ala.1976), the Alabama Supreme Court determined that wrongful death actions seeking damages under the theory of strict liability are subject to and included in Alabama's wrongful death statute.

**2.** An examination of Mississippi's wrongful death statute (Miss.Code Ann. § 11–7–13 (1972 & Supp.1987)) reveals that there is no "built-in" limitations period and therefore Mississippi's

general statute of limitations (Miss.Code Ann. § 15–1–49 (1972)) applies. However, the application of § 15–1–49 to wrongful death actions does not in any way change the traditional rule that Mississippi's general limitations period is considered procedural for conflict of laws purpose. *Maryland Casualty Co. v. Williams,* 377 F.2d 389 (5th Cir.1967); *Guthrie v. Merchants National Bank of Mobile,* 254 Miss. 532, 180 So.2d 309 (1965).

be brought by a personal representative of the estate of the testator or intestate; and that (2) the action must be commenced within two years of the death of the testator or intestate.[3]

■ Whether or not this action has been brought by a personal representative of the estate cannot be disputed. The plaintiff was at one time the administrator of Nancy Brock's estate; however, the deceased's estate was closed and the plaintiff was discharged and released as administrator some seventeen (17) months prior to the filing of this action. In *Downtown Nursing Home, Inc. v. Pool*, 375 So.2d 465, 466 (Ala.1979), it was determined that the term "personal representative", as it is used in the wrongful death statute, means the executor or administrator of the testator or intestate. The *Pool* court further concluded that the person filing suit must be the personal representative at the time of filing and that amendments to substitute the personal representation or to otherwise comply after suit was filed, would not preclude dismissal of the action. *Id.* at 466. In light of *Pool*, it is obvious that this suit must be dismissed, if for no other reason than because the plaintiff was not the personal representative of the deceased's estate at the time suit was filed.

■ With regard to whether the action was maintained within two years of the death of the testator or intestate, this Court is of the opinion that there is no doubt but that the answer is in the negative. The accident and resulting death of Nancy Brock occurred on October 4, 1985, and suit was filed on January 6, 1988. To maintain this action in Mississippi would have required the plaintiff to have filed

suit no later than October 4, 1987; this he did not do and consequently his action is time-barred and must be dismissed.

*b. Why Mississippi's substantive law cannot be applied in this case.*

■ As the plaintiff correctly points out, Alabama's conflict of laws rules require that the law of the state where the injury occurred controls. *Norris v. Taylor,* 460 So.2d 151 (Ala.1984); *Bodnar v. Piper Aircraft Corporation,* 392 So.2d 1161 (Ala. 1981); see also, *Mullins v. Great Southern R.R. Co.,* 239 Ala. 608, 195 So. 866 (1940); *Dawson v. Dawson,* 224 Ala. 13, 138 So. 414 (1931); and *Alabama G.S.R. Co. v. Carroll,* 97 Ala. 126, 11 So. 803 (1892).

However, as shall be more fully discussed herein, although the plaintiff concedes that under Mississippi's conflict of laws rules the "center of gravity" or "most substantial contacts" analysis requires application of Alabama substantive law, the plaintiff incorrectly asserts that Alabama's conflict of laws rules are substantive and require the application of the substantive law of the place where the injury occurred; and that therefore this Court must apply Mississippi's substantive law. Basically then, the plaintiff asserts that in this case this Court should act exactly as an Alabama court would in deciding the issues and applying the law. In accordance with his position that the substantive law of Mississippi should be applied, the plaintiff also asserts that Mississippi's wrongful death statute and the applicable general limitations period of six (6) years when combined for the purpose of pursuing a claim for wrongful death within the appropriate time period, somehow changes the

---

**3.** The statute also requires that suit must be maintained in Alabama. In holding that such restrictions were improper the United States Supreme Court determined that:

[A] state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation, and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action.

*Tenn. Coal Co. v. George,* 233 U.S. 354, 360, 34 S.Ct. 587, 589, 58 L.Ed. 997 (1914) and see *Atchison, Topeka & Santa Fe Ry. Co. v. Sowers,* 213 U.S. 55, 29 S.Ct. 397, 53 L.Ed. 695 (1909). Relying on *Tennessee Coal* and *Atchison,* courts in New York and Georgia concluded that plaintiffs were entitled to maintain actions in those jurisdictions under Alabama's wrongful death statute. *Brown v. Return Loads Bureau,* 15 F.Supp. 1073, 1074 (S.D.N.Y.1936) and *Slaton v. Hall,* 172 Ga. 675, 158 S.E. 747, 751 (1931).

longstanding characterization of Mississippi's general statute of limitations from procedural to substantive; and that accordingly, this suit was timely filed.[4]

The plaintiff's entire argument is based on the assumption that Alabama's conflict of laws rules are substantive and must be applied by this Court, which in turn must then apply Mississippi substantive law. The plaintiff's assumption cannot be accepted for several reasons, the most predominant of which is located in section 8 of the Restatement, which provides that:

Applicability of Choice-of-Law Rules of Another State (Renvoi)

(1) When directed by its own choice-of-law rule to apply 'the law' of another state, the forum applies the local law of the other state, except as stated in Subsections (2) and (3).

(2) When the objective of the particular choice-of-law rule is that the forum reach the same result on the very facts involved as would the courts of another state, the forum will apply the choice-of-law rules of the other state, subject to considerations of practicability and feasibility.

(3) When the state of the forum has no substantial relationship to the particular issue or the parties and the courts of all interested states would concur in selecting the local law rule applicable to this issue, the forum will usually apply this rule.

By establishing why subsection 2 and 3 are not relevant to the case—sub judice, this Court will show the inherent correctness of the application of subsection 1.

Subsection 2 says essentially that if the objective is for all interested courts to reach the same result then the choice-of-law rules of the other state will be applied by the forum court. An examination of *Mitchell v. Craft*, 211 So.2d 509 (Miss. 1968), and its progeny, suggests that the objective of a Mississippi court in applying Mississippi's conflict of laws rules is not necessarily uniformity with other courts

but rather so that all relevant facts can be considered, and that government interests can be protected. In fact, in *Mitchell* it was repeatedly stated that the application of the *lex loci delicti* analysis, as used in Alabama, bears little relationship to any relevant considerations for choosing one law against another in a torts-conflicts case. *Mitchell*, 211 So.2d at 513. There can be no doubt but that Mississippi adopted the "center of gravity" or "most substantial contacts" analysis to avoid reaching the same result as would a state bound by conflict of laws rules which require applying the substantive law of the place where of the injury occurred and nowhere else.

Subsection 3 has no application to the case at bar because it is invoked only where the forum state has no substantial relationship to the particular issues or parties and where all interested states would concur in selecting the applicable local law. Although under Mississippi's conflicts analysis the "center of gravity" or "most substantial contacts" in this case requires the application of Alabama's substantive law, that does not mean to imply that Mississippi does not have a substantial interest, as the forum state, in applying its conflict of laws rules. To that end Mississippi becomes an "interested state" and as previously discussed, will not permit, under its conflict of laws rules, the application of its local or substantive law to this action.

Subsection 1 correctly suggests that when a forum state's conflict of laws rules require the application of the "law" of the other state, the word "law" includes only the local or substantive law and not the other state's conflict of laws rules. See section 8 comment a. This approach obviously takes into consideration the problems which will invariably arise if for the purposes of conflicts analysis the conflict of laws rules of the other state are characterized as part of the other state's local law. What occurs is a never ending circular situation where the issue is forever batted

---

**4.** The plaintiff further contends that because Mississippi substantive law should be applied and because Mississippi's wrongful death statute *is substantive, then necessarily he did not have to be the designated personal representative of the estate at the time suit was filed.*

from state to state. Adherence to subsection 1 is the most appropriate way to resolve the current dilemma and serves to reinforce the idea that conflict of laws rules should not be considered substantive or local but rather as neutral or procedural and that they should be applied and considered only by the forum court of the jurisdiction in which they were adopted and then only to establish which state's substantive law should be applied. Under this analysis Alabama's conflict of laws rules should not be considered substantive and therefore cannot compel the application of Mississippi's substantive law.

Furthermore, in addition to the Restatement, prevailing case law indicates that even if this Court were to act as an Alabama court would in deciding the issues and applicable law in this case, the plaintiff's action would still have to be dismissed. In *Thomas v. F.M.C. Corp.*, 610 F.Supp. 912, 914 (D.C.Ala.1985), a federal district court sitting in Alabama found that "in wrongful death actions a court should apply the substantive law of the place where the injury occurred, while applying the procedural law of the forum." Obviously then, Mississippi substantive law and Alabama procedural law would have to be applied. In doing so it is true, as the plaintiff argues, that the application of Mississippi's substantive wrongful death statute would relieve the plaintiff from having to comply with Alabama's requirement that he be the personal representative of Nancy Brock's estate at the time suit was filed. However, the plaintiff cannot avoid the reality that an Alabama limitations period would be applied and thus bar his action.[5] As noted earlier, Mississippi's general limitations period of six years, applicable to Mississippi's wrongful death statute, is procedural, not substantive, *Ramsay v. Boeing Company*, 432 F.2d 592 (5th Cir.1970), and consequently would not control had this case been filed in Alabama.

5. It can only be assumed that Alabama would apply its general limitations period of one year, Ala.Code § 6–2–39 (1975), or even look to its two-year wrongful death limitations period for

For the reasons set forth herein, the defendant's motion is well taken and should be granted.

### ORDER

This cause having come before the Court on Motion of the defendant, Ford Motor Company for Summary Judgment, and the Court, having carefully considered the briefs and exhibits submitted in support and reponse thereto, is of the opinion that for the reasons set forth in the Court's Memorandum Opinion dated July 18, 1988, incorporated herein by reference, the defendant's motion is well taken and should be granted.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Motion of the defendant, Ford Motor Company, for Summary Judgment should be, and the same is, hereby GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that judgment shall be entered in accordance with the foregoing Memorandum Opinion and Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Court for the Southern District of Mississippi.

guidance. In either case, suing more than two years after the death makes the action time-barred in Alabama just as it is here.