JAMES FERRERI, Plaintiff-Appellant, v. HEWITT ASSOCIATES, LLC, Defendant-Appellee.

Second District    No. 2—08—0102

Opinion filed May 8, 2009.

Aaron B. Maduff and Michael L. Maduff, both of Maduff & Maduff, LLC, of Chicago, for appellant.

David S. Baffa and Cintra D. Bentley, both of Seyfarth Shaw LLP, of Chicago, for appellee.

JUSTICE SCHOSTOK delivered the opinion of the court:

The plaintiff, James Ferreri, was employed in the St. Louis, Missouri, office of the defendant, Hewitt Associates, LLC (Hewitt), for approximately 26 years. After Hewitt discharged him, Ferreri filed a claim under the Missouri Human Rights Act (Missouri Act) (Mo. Rev. Stat. §213.010 *et seq.* (2004)), alleging age and gender discrimination. The Missouri Commission on Human Rights issued Ferreri a right-to-sue letter, and he brought suit against Hewitt in Lake County, Illinois, where Hewitt has its headquarters. Hewitt successfully moved to dismiss the Missouri Act claim on the basis that, pursuant to the exclusivity provision of the Illinois Human Rights Act (Illinois Act) (775 ILCS 5/8—111(C) (West 2006)) as it then existed, Illinois circuit courts had no original subject matter jurisdiction over employment discrimination cases alleging civil rights violations such as those subject to the Illinois Act. After the trial court denied his motion to reconsider, Ferreri appealed the dismissal of his Missouri Act claim. We reverse and remand.

Ferreri was discharged on August 26, 2004. He filed a claim of age and gender discrimination with the Missouri Commission on Human Rights, which issued him a right-to-sue letter. On August 10, 2006, Ferreri filed a two-count complaint in the circuit court of Lake County, Illinois. Count I alleged that Hewitt violated the Missouri Act by discharging Ferreri for reasons involving age and gender discrimination. Count II alleged that Hewitt violated the Missouri service letter statute (Mo. Rev. Stat. §290.140 (2004)), which requires an employer to provide a discharged employee with a letter stating the dates of employment and the reason for discharge.

Hewitt filed a motion to dismiss the complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2006)), arguing that neither of these statutes had ever been applied in Illinois courts (or anywhere outside of Missouri, for that matter) and that it was against the public policy of Illinois to open its courts to suits based on foreign law. As to count I, Hewitt also argued that section 8—111(C) of the Illinois Act (775 ILCS 5/8—111(C) (West 2006)) barred bringing in the circuit courts of Illinois any claim based on employment discrimination. That provision of the Illinois Act states as follows:

"Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8—111(C) (West 2006).

Ferreri responded that Illinois courts routinely applied the laws of other jurisdictions and also entertained lawsuits in which the cause of action arose in another state; that the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, §1) required them to do so; and that neither section 8—111(C) nor the public policy of Illinois required the dismissal of his suit.

On December 28, 2006, the trial court dismissed count I of the complaint, citing section 8—111 of the Illinois Act and stating that, under that provision, "the Illinois legislature has removed most types of civil rights claims, including gender and age discrimination claims, from the jurisdiction of the circuit court." The trial court denied the motion to dismiss as to count II. Ferreri filed a motion to reconsider the dismissal of count I, which the trial court denied. Count II was tried in a bench trial on January 7, 2008. The trial court ruled in Ferreri's favor, awarding him nominal damages and court costs. Ferreri then filed a timely notice of appeal of the dismissal of count I.

On appeal, the parties' arguments initially mirrored those raised before the trial court. Hewitt argued that the Illinois Act creates a comprehensive statutory scheme in which all civil rights claims, including employment discrimination claims such as those alleged in count I, must be brought before the Illinois Human Rights Commission and the Illinois Department of Human Rights. In furtherance of this scheme, which reflects the public policy of Illinois, section 8—111(C) of the Illinois Act expressly forbade the bringing of such civil rights claims directly in the circuit courts of Illinois.[1] Hewitt acknowledged that, if the cause of action arose in Missouri, Ferreri need not have initially filed his charge with the Illinois Human Rights Commission. Nevertheless, it insisted that Ferreri could not bring his Missouri employment discrimination claim in any Illinois circuit court and that it would violate public policy for an Illinois circuit court to entertain

---

[1] In 2007, the General Assembly enacted Public Act 95—243 (eff. January 1, 2008), which amended, among other things, section 7A—102 of the Illinois Act. That section now provides that, if the Department of Human Rights does not issue its report on a civil rights charge within one year, the complainant may file an action directly in the circuit court. 775 ILCS 5/7A—102(G)(2) (West Supp. 2007). However, section 7A—102(J) limits the application of this amendment to charges filed on or after January 1, 2008, the effective date of Public Act 95—243. 775 ILCS 5/7A—102(J) (West Supp. 2007). Neither of the parties contends that the amendment applies to this case.

such a suit. Ferreri countered that the full faith and credit clause generally requires the courts of one state to hear causes of action arising under the laws of another state, unless a suit falls under a narrow exception where the foreign law to be applied is obnoxious to the public policy of the forum state. *First National Bank of Chicago v. United Air Lines, Inc.*, 342 U.S. 396, 398, 96 L. Ed. 441, 445, 72 S. Ct. 421, 422 (1952) (invalidating an Illinois statute limiting the jurisdiction of Illinois courts over certain foreign wrongful death actions, based on the full faith and credit clause); see also *Hughes v. Fetter*, 341 U.S. 609, 611, 95 L. Ed. 1212, 1216, 71 S. Ct. 980, 982 (1951) (a state may not "escape this constitutional obligation to enforce the rights and duties validly created under the laws of other states by the simple device of removing jurisdiction from courts otherwise competent" to hear actions involving those rights). Ferreri further argued that neither the relevant provisions of the Missouri Act (the prohibitions against age and sex discrimination, which are similar to provisions contained in the Illinois Act) nor the enforcement of the Missouri Act in an Illinois circuit court is obnoxious to the public policy of Illinois.

We asked the parties to submit supplemental briefs on certain issues. Before those briefs were due, the Illinois Supreme Court issued its decision in *Blount v. Stroud*, 232 Ill. 2d 302 (2009). The parties sought and were granted leave to discuss the application of *Blount* in their supplemental briefs. In *Blount*, the supreme court held that the plaintiff could bring her federal claim (based on 42 U.S.C. §1981 (2000)) and her state common-law claim (based on retaliatory termination of employment) in the circuit court, because neither cause of action arose under the Illinois Act and thus the exclusivity provision of the Illinois Act (775 ILCS 5/8—111(C) (West 2006)) did not apply. Specifically, the supreme court stated that "the administrative procedures contained in the [Illinois] Act, which govern the filing and disposition of alleged 'civil rights violations,' are applicable only to civil rights violations under the [Illinois] Act." *Blount*, 232 Ill. 2d at 326. The court continued, "In other words, the limitation on the court's jurisdiction applies only to civil rights violations defined by and arising under the [Illinois] Act." *Blount*, 232 Ill. 2d at 329.

In light of these statements, the parties modified their arguments on appeal. Ferreri now argues that, because his claim arose under the Missouri Act rather than the Illinois Act, under *Blount* the Illinois Act does not govern his claim and section 8—111 of the Illinois Act does not bar his claim from being brought in the circuit courts of Illinois. Hewitt argues that, even if the exclusivity provision of the Illinois Act does not prevent Ferreri from bringing his claim in the circuit court of

Lake County, the venue provision of the Missouri Act does. Hewitt points to section 213.111 of the Missouri Act, which provides that, once a claimant has received a right-to-sue letter relating to a complaint filed with the Missouri Human Rights Commission, he or she may file a civil action, and that "[s]uch an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred." Mo. Rev. Stat. §213.111 (2006). Hewitt argues that this provision means that no civil action based on a violation of the Missouri Act may be brought outside of the Missouri county where the discriminatory practice occurred and, thus, such an action cannot be brought in Illinois. As all of these arguments rest on purely legal grounds, and as the claim in count I was dismissed pursuant to section 2—619 of the Code, we review *de novo* the trial court's dismissal of count I. *People v. Brown*, 225 Ill. 2d 188, 198 (2007); *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002).

We begin our analysis with some general principles. It is well established that, under the full faith and credit clause (U.S. Const., art. IV, §1), Illinois courts are bound to recognize the laws of sister states and may not refuse to entertain lawsuits on the ground that they are based on foreign causes of action. *James v. Grand Trunk Western R.R. Co.*, 14 Ill. 2d 356, 362 (1958). Thus, the fact that Ferreri's lawsuit arises from Missouri law rather than Illinois law does not in itself present any bar to the suit being heard by an Illinois court.

This general rule is subject to a public policy exception: the courts of one state need not entertain an action based upon foreign law that is contrary to the public policy of the forum state. *Nevada v. Hall*, 440 U.S. 410, 422, 59 L. Ed. 2d 416, 426, 99 S. Ct. 1182, 1189 (1979) ("the Full Faith and Credit Clause does not require a State to apply another State's law in violation of its own legitimate public policy"). Hewitt argued in the trial court, and initially argued on appeal, that the exclusivity provision of the Illinois Act expressed a public policy that no lawsuit relating to civil rights violations may be brought directly in the circuit courts of Illinois. However, we believe that *Blount* seriously undermined this argument, in that the supreme court did not discern any public policy violation in permitting the plaintiff to bring her civil rights claims, which arose outside of the Illinois Act, directly in an Illinois circuit court. Hewitt's argument was also negated by the legislature's action in amending the Illinois Act to provide that, even for claims arising under that act, claimants may institute direct actions in the circuit courts if the administrative process outlined in the Illinois Act takes more than a year to complete. 775 ILCS 5/7A—102(G)(2) (West Supp. 2007). Accordingly, we hold that permitting Ferreri's claim to be brought directly in an Illinois circuit court does

not violate the public policy of Illinois. Nor is Ferreri's claim barred by the exclusivity provision of the Illinois Act because, just as in *Blount*, the claim does not arise under the Illinois Act but, rather, under the Missouri Act.

Hewitt argues that the dismissal of Ferreri's Missouri Act claim was nonetheless proper because the Missouri Act contains a venue provision requiring that any action be brought "in any county in which the unlawful discriminatory practice is alleged to have occurred." Mo. Rev. Stat. §213.111 (2006). The Missouri Supreme Court has interpreted this provision to mean that an action under the Missouri Act must be brought in a county in which at least one of the alleged discriminatory acts or practices took place. *Igoe v. Department of Labor & Industrial Relations*, 152 S.W.3d 284, 288-89 (Mo. 2005) (reversing the judgment and remanding the case for transfer where it appeared that all of the actions taken by the employer occurred in a different county from the one in which suit had been brought). There are several flaws with Hewitt's attempt to apply this venue provision to bar Ferreri's Illinois action, however.

To begin with, Hewitt seeks to interpret the Missouri Act too restrictively, by reading into the statute language that does not exist. Hewitt argues that the Missouri Act's venue provision means that Ferreri's suit may be brought only in Missouri, but the language of the Missouri Act contains no such restriction: it states that a direct action must be brought in "any county" in which the cause of action arose, not "any county in Missouri." Thus, there is nothing in the plain language of the Missouri Act that would prevent Ferreri from filing his suit in Lake County, Illinois, if some of the discriminatory actions took place there. *Igoe*, 152 S.W.2d at 288. There is an even more fundamental flaw with Hewitt's argument, however: the venue provisions of a foreign statute cannot be used to bar a forum state from hearing an action arising under that foreign statute.

The principle that a state may entertain an action brought under a foreign statute without regard to the foreign statute's venue restrictions was established almost a century ago and remains unimpaired. In *Tennessee Coal, Iron, & R.R. Co. v. George*, 233 U.S. 354, 58 L. Ed. 997, 34 S. Ct. 587 (1914), the plaintiff brought, in Georgia, a suit based on the Alabama worker's compensation statute. The defendant employer moved to dismiss the suit, citing an Alabama venue provision that required all actions under the worker's compensation statute to be "brought in a court of competent jurisdiction within the state of Alabama, and not elsewhere." The United States Supreme Court held that the venue provision could not be enforced to prevent suit in Georgia:

"The courts of the sister [s]tate trying the case would be bound to give full faith and credit to all those substantial provisions of the statute which inhered in the cause of action or which name conditions on which the right to sue depend. *But venue is no part of the right*; and a [s]tate cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation [that is, the law of the forum state,] and cannot be defeated by the extraterritorial operation of a statute of another [s]tate, even though it created the right of action." (Emphasis added.) *Tennessee Coal*, 233 U.S. at 360, 58 L. Ed. at 1000, 34 S. Ct. at 588-89.

Our own supreme court quoted this passage in rejecting the argument that a Michigan statute restricting venue in suits against railroads could serve as a basis for defeating Illinois jurisdiction over such a suit brought in Illinois. *James*, 14 Ill. 2d at 367. Moreover, the question of whether an Illinois circuit court has jurisdiction over an action does not depend on statutory venue provisions. *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 40 (1990) ("statutory venue provisions are procedural only, and have no relation to the power of a court to decide the merits of a case"). Hewitt has not cited any law suggesting that these principles have been abrogated or abandoned. Accordingly, we reject its argument that the venue provision of the Missouri Act applies to prevent Ferreri from bringing his Missouri Act claim in an Illinois circuit court.

For all of the foregoing reasons, the judgment of the circuit court of Lake County dismissing count I is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

ZENOFF, P.J., and McLAREN, J., concur.