Zerelda WILSON, Appellant,

v.

**CELESTIAL GREETINGS, INC., Respondent.**

**No. WD 49862.**

Missouri Court of Appeals, Western District.

May 2, 1995.

Gary Clifford, Julie Jinkens McNitt, Osage Beach, for appellant.

Gregory David Williams, Sunrise Beach, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

PER CURIAM.

This appeal involves a proceeding by a dissenting stockholder in a Delaware corporation for the appraisal of her stock after the merger of the Delaware corporation into a Missouri corporation. The appraisal proceeding was created by Delaware statute. The question is whether the appraisal proceeding may be brought in Missouri, or whether it must be brought in Delaware.

The plaintiff shareholder is Zerelda Wilson, who owned 10 shares of the 40 outstanding shares of stock of Celestial Greetings, Inc. Celestial Greetings, Inc., was in the business of greeting card distribution. Its headquarters was at Versailles, Missouri. The other 30 shares were owned by Copeland's, Inc., a Missouri corporation. There was a proposal that Celestial Greetings, Inc., be merged into Copeland's. Zerelda Wilson resisted the merger, but Copeland's 30 shares were voted for the merger and it was approved.

Zerelda then filed this appraisal proceeding in the Circuit Court of Morgan County, the object of which is to obtain an appraisal of her shares of stock, and judgment against Copeland's for its appraised value. The appraisal proceeding was one count of a four-count petition, which sought damages from Copeland's and from Copeland's shareholders on various claims. This appeal is concerned only with the appraisal proceeding, not with the other three counts. The trial court, on Copeland's motion, dismissed the appraisal proceeding—leaving the other counts pending—and Zerelda has appealed.

■ Copeland's successfully maintained in the trial court that it had no jurisdiction of the appraisal proceeding—that the cause of action created by the Delaware statute was a "local" cause of action, to be brought only in the Delaware Court of Chancery, rather than a "transitory" cause of action, which could be brought in any state where personal jurisdiction of the defendant could be obtained. A transitory cause of action, whether created by statute or common law may be brought in any court of competent jurisdiction where jurisdiction over the defendant can be obtained. *State ex rel. U.S. Fidelity & Guar. v. Mehan,* 581 S.W.2d 837, 838 (Mo.App.1979). "If the statute provides for a specific remedy, limited and prescribed, and tied to a local court, the cause of action created is local." *Id.*

■ The plaintiff maintains that the appraisal proceeding provided in section 262 of the Delaware corporation code, Del.Code Ann. tit. 8, § 262 (1994), is a transitory cause of action which can be brought in any state where jurisdiction of the corporation can be obtained. She minimizes the significance of section 262's specification of the "Court of Chancery," and the requirement for publication of notice in a Wilmington newspaper. She points out that the appraisal procedure is easily adaptable to Missouri legal machinery.

The Delaware corporation code, in section 262 thereof, provides an elaborate procedure for the appraisal of the stock of a dissenting stockholder in the merged corporation.

The corporation laws of the state of incorporation are a salient consideration in selecting a state of incorporation. Delaware is a favorite state for incorporation because of its accommodative corporation code, and because of knowledgeable administrative officials and its courts. Harry G. Henn, Law of Corporations, § 93, at 138–39 (2d ed. 1970). Professor Henn lists the appraisal remedy as a relevant factor in selecting the state of incorporation. *Id.* at 138.

The meaning of this statute is clear enough. The right of appraisal is given by the very first sentence of this statute. It says:

Any stockholder of a corporation of this State who holds shares of stock on the date of the making of a demand pursuant to subsection (d) of this section with respect to such shares, who continuously

holds such shares through the effective date of the merger or consolidation, who has otherwise complied with subsection (d) of this section and who has neither voted in favor of the merger or consolidation nor consented thereto in writing pursuant to § 228 of this title shall be entitled to an appraisal by the Court of Chancery of the fair value of his shares of stock under the circumstances described in subsections (b) and (c) of this section.

It is unmistakable that the appraisal right given the dissenting stockholder is the right to have an appraisal "by the Court of Chancery." The appraisal right so given is not a right that can be enforced (as in the Missouri statute, section 351.455, RSMo 1986), "in any court of competent jurisdiction."

There is nothing in the rest of the statute that gives any support to the idea that the dissenting shareholder's right of appraisal is enforceable in any court except the "Court of Chancery." It is clear the statute contemplates the "Court of Chancery" as the forum of the appraisal proceeding. It refers to the role of the "Register of Chancery," and requires notice to be published in a newspaper published in the City of Wilmington, Delaware, or (a provision which is emphasized by plaintiff) "such publication as the Court deems advisable." It provides that the Court's decree may be enforced "as other decrees in the Court of Chancery may be enforced, whether such surviving or resulting corporation be a corporation of this State or of any state." Del.Code Ann. tit. 8, § 262(i) (1994).

The meaning of the statute is clear, but is it competent for the State of Delaware to place this restriction upon the enforcement of the appraisal right? Plaintiff says it is not permissible for Delaware to restrict enforcement of the right to its own courts, for the right to appraisal is a transitory cause of action, and a transitory cause of action may not be restricted to the courts of the state which created it. For this proposition, plaintiff cites *Husted v. Missouri Pacific Railway Co.*, 143 Mo.App. 623, 128 S.W. 282 (1910). *Husted* was a wrongful death case, where the accident and death occurred in Kansas, and the question was whether Kansas had re-stricted the wrongful death claim so that it could be brought only in certain counties in Kansas. As a matter of statutory construction, the Kansas City Court of Appeals held that it was the intent of the statute to confine enforcement to those Kansas counties only if the case were brought in Kansas; it did not mean to exclude the courts of other states.

All the cases we have examined which hold that a state may not confine to its own courts the enforcement of a right it has created by statute, have involved personal injury cases, or wrongful death cases. Claims for damages for personal injuries and wrongful death are in their nature transitory. As the court pointed out in *Tennessee Coal, Iron, & R.R. Co. v. George*, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997 (1914):

> The cause of action is transitory, and like any other transitory action can be enforced "in any court of competent jurisdiction within the state of Alabama ..." But the owner of the defective machinery causing the injury may have removed from the state, and it would be a deprivation of a fixed right if the plaintiff could not sue the defendant in Alabama because he had left the state, nor sue him where the defendant or his property could be found because the statute did not permit a suit elsewhere than in Alabama. The injured plaintiff may likewise have moved from Alabama, and for that, or other, reason may have found it to his interest to bring suit by attachment or *in personam* in a state other than where the injury was inflicted.

What the dissenting shareholder has, though, is different from a claim for personal injuries or wrongful death. She has, in its essentials, a contract claim. The law of Delaware supplies the terms of a contract among the shareholders inter sese and among the shareholders and corporation. *Meade v. Pacific Gamble Robinson Co.*, 29 Del.Ch. 406, 51 A.2d 313, 317 (1947). "The corporate structure has been described as a three-way contract, representing the relations among shareholders, between shareholders and corporation, and between corporation and the State." *Gabhart v. Gabhart*, 267 Ind. 370, 370 N.E.2d 345, 355 (1977). The shareholders may be said to have con-

structively agreed to the terms of the Delaware law, including the restrictions upon the forum for the enforcement of appraisal rights. *Meade,* 51 A.2d at 317.

Many of the observations made in *State ex rel. U.S. Fidelity and Guar. Co. v. Mehan,* 581 S.W.2d 837 (Mo.App.1979), are applicable to this case and lead us in the direction of holding the dissenting shareholder's appraisal rights a local (local to Delaware) cause of action, rather than a transitory cause of action:

(1) The incorporators have voluntarily chosen Delaware as the place for the incorporation of the business enterprise.

(2) In the case of widely distributed stock ownership, the appraisal proceeding may involve a great many parties, who should be brought into a single forum for the appraisal proceeding. It is more feasible in such a case that that forum should be pre-selected by statute than that that practical problem be left to the application, with unpredictable results, of the forum non conveniens doctrine. While the present proceeding involves a closely held corporation, with only one dissenting shareholder, the same principle should govern both.

(3) "The action here is not one for personal injury, nor one having common law roots. It is exclusively a statutory proceeding to provide a specific protection to a specific group of readily identifiable parties ... The action therefore is not one which is 'universally held to be transitory.'" *Id.* at 840.[1]

Zerelda cites an unpublished Wisconsin opinion, entitled *Stauffacher v. Checota, et al.,* 441 N.W.2d 755, 1989 WL 58598 (Wis. App.1989), which assumed that the appraisal proceeding, involving a Delaware corporation, could be had in Wisconsin. The ques-

tion of the subject-matter jurisdiction of the Wisconsin court was not raised or considered. She also cites *Skipwith v. Federal Water and Gas Corp.,* 185 Misc. 248, 56 N.Y.S.2d 804 (N.Y.Sup.Ct.1945), where the appraisal proceeding had been held in the New York court. There was no discussion of subject matter jurisdiction of the New York court.

The trial court's judgment dismissing plaintiff's appraisal proceeding is affirmed.

All concur.

---

1. The Model Business Corporation Act Annotated, Section 13.01, Historical Background, contains the following account of the historical development of the appraisal proceeding:

This remedy was introduced into statutes in many states in the early part of the 20th century as courts grappled with the rights of dissenting shareholders with respect to extraordinary transactions to which they were bound despite their objection. Some courts recognized a common law right to receive payment for the value of the shares in those circumstances based on a theory of conversion of the shareholders' interest in the corporation; other courts permitted dissenting shareholders to attack the underlying transaction despite the apparently binding nature of the vote under the statute.