**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SEISMIC RESERVOIR 2020, INC.,
*Plaintiff*,

v.

BJÖRN PAULSSON,
*Defendant-Counterclaimant-
Appellant*,

v.

WANDA DOROSZ, an individual;
MICKEY ABOUGOUSH, an individual;
ROBERT HEMING, an individual,
*Third-Party Defendants-Appellees*.

No. 13-55413

D.C. No.
8:09-cv-00561
JAK-RNB

OPINION

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted
February 12, 2015—Pasadena, California

Filed April 27, 2015

Before: David Bryan Sentelle,[*] Morgan Christen,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Sentelle

## SUMMARY[**]

### Jurisdiction

The panel affirmed the district court's dismissal of Bjorn Paulsson's counterclaim seeking damages for breach of fiduciary duties owed by directors of an Alberta company under § 242 of the Alberta Business Corporations Act.

The panel held that the district court had jurisdiction to entertain the controversy, but Paulsson's counterclaim arising under the Alberta Act did not raise a cause of action for which the district court could grant relief. The panel concluded that the district court should have dismissed Paulsson's counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action rather than under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. The panel noted that there was no occasion to remand to provide Paulsson an opportunity to amend his pleadings because he could not possibly win relief in the district court where the right created

---

[*] The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

by § 242 of the Alberta Act can only be enforced in the designated tribunal – the Queens Bench of Alberta.

## COUNSEL

John M. Whelan (argued), and Lawrence J. Hilton, O'Neil LLP, Irvine, California, for Defendant-Counterclaimant-Appellant.

Joe Sibley (argued), and Kiwi Alejandro Danao Camara, Camara & Sibley LLP, Houston, Texas, for Third-Party Defendants-Appellees.

## OPINION

SENTELLE, Senior Circuit Judge:

Björn Paulsson appeals from the dismissal of his counterclaim seeking damages under § 242 of the Alberta Business Corporations Act for breach of fiduciary duties owed by directors of an Alberta company. The district court dismissed Paulsson's claim under Federal Rule of Civil Procedure 12(b)(1), concluding it did not have subject matter jurisdiction to issue a remedy because the Alberta Act vested exclusive jurisdiction in the Court of the Queen's Bench of Alberta. Paulsson argues that the Act's exclusive jurisdiction provision did not deprive the federal district court of subject matter jurisdiction, and asks this Court to vacate the dismissal. For the reasons set forth below, we affirm the judgment of dismissal, although we do so under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, rather than Rule 12(b)(1) for lack of jurisdiction.

I.

In 2009, Seismic Reservoir 2020, Inc. ("Seismic"), a California company with its principal place of business in California, brought suit against Paulsson alleging violations of the Lanham Act and breach of fiduciary duty. In response, Paulsson raised counterclaims against two Canadian directors of Seismic arising from his status as a shareholder and director of Seismic's parent company, Seismic Reservoir 2020, Ltd., "a corporation organized and existing under the laws of the Province of Alberta, Canada." First Am. Counterclaim at 2, *Seismic Reservoir 2020, Inc. v. Paulsson, et al.*, No. 09-00561 (C.D. Cal. Oct. 19, 2011), ECF No. 57. Originally the counterclaim alleged three causes of action: (1) fraud and conspiracy to defraud; (2) breach of fiduciary duty; and (3) unfair business practices in violation of California Business and Professions Code § 17200, *et seq.*

In January 2012, Paulsson dismissed his counterclaims for fraud and unfair business practices with prejudice. He also specified that his remaining counterclaim alleged a breach of fiduciary duties "owed by directors to shareholders as codified in Alberta law." Counterclaimant Björn Paulsson's Trial Br. Re: Duties Owed to Shareholders Under Alberta Business Corporations Act § 242, at 4, *Seismic Reservoir 2020*, No. 09-00561 (C.D. Cal. Dec. 19, 2011), ECF No. 71. As the district court explained: "Paulsson did not merely seek the application of Alberta law concerning breach of fiduciary duty"—rather, he "brought an action for shareholder oppression pursuant to [the Alberta] statute." Order at 5, *Seismic Reservoir 2020*, No. 09-00561 (C.D. Cal. Sept. 14, 2012), ECF No. 111 (hereinafter "Order").

## A.

Titled "Relief by Court on the ground of oppression or unfairness," § 242 of the Alberta Business Corporations Act allows a complainant to "apply to the Court for an order . . . to rectify the matters complained of" if the alleged activities are "oppressive or unfairly prejudicial" or if the corporation or its directors "unfairly disregard[ed] the interests of any security holder, creditor, director or officer." § 242(1), (2). The Act defines "Court" as "the Court of Queen's Bench of Alberta," § 1(m), and gives that Court broad equitable powers to regulate corporate matters, *see* § 242(3). The Queen's Bench of Alberta may, among other things, issue "an order for the liquidation and dissolution of the corporation," regulate corporate affairs "by amending the articles or bylaws," direct the "issue or exchange of securities," appoint directors, set aside contracts or transactions, and, as is relevant here, issue "an order compensating an aggrieved person." § 242(3).

## B.

The district court requested additional briefing regarding its jurisdiction to issue a shareholder oppression remedy under § 242 and appointed Peter T. Linder to act as an independent expert on Alberta corporate law. In his expert report, Linder explained how § 242 provides the designated court broad powers to regulate matters of internal corporate management. Canadian courts have recognized that § 242 of the Alberta Business Corporations Act gives "complete jurisdiction" for the purpose of the Act to "the Court of Queen's Bench of Alberta." *Ironrod Invs. Inc. v. Enquest Energy Servs. Corp.*, 2011 CarswellOnt 1045 (Can. Ont. Sup. Ct. J.) (WL). Linder surveyed Canadian law and concluded

that "the prevailing authorities establish that only an Alberta Court has jurisdiction to grant a remedy for oppression brought in respect of an Alberta corporation." Indep. Expert Rep. of Peter T. Linder, Q.C. at 10, *Seismic Reservoir 2020*, No. 09-00561 (C.D. Cal. Aug. 21, 2012), ECF No. 109-1.

Relying on Linder's report as well as analyses from other courts that have considered similar questions, the district court concluded that it could not issue a remedy for shareholder oppression under § 242 of the Alberta Business Corporations Act. Citing *Tennessee Coal, Iron, & Railroad Co. v. George*, 233 U.S. 354 (1914), the district court noted, "in some actions, the location and the remedy could be so united such that the remedy could be administered only in a specified court." Order at 8. It concluded: "This is such a matter." *Id.* Because it is not an Alberta court, the district court dismissed Paulsson's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1). Paulsson timely appealed.

## II.

We have jurisdiction to review the district court's order under 28 U.S.C. § 1291. "We review *de novo* dismissals under Rules 12(b)(1) and 12(b)(6)." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007).

Paulsson argues the district court erred when it dismissed his counterclaim for lack of subject matter jurisdiction. We agree. In this anomalous case, the district court had jurisdiction to entertain the controversy, but Paulsson's counterclaim arising under the Alberta Act does not raise a cause of action for which the district court could grant relief. Thus, the district court should have dismissed Paulsson's

counterclaim under Rule 12(b)(6) for failure to state a cause of action rather than Rule 12(b)(1) for lack of jurisdiction.

"'Subject matter jurisdiction defines the court's authority to hear a given type of case.'" *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "Strictly speaking, 'subject-matter jurisdiction' concerns 'the courts' statutory or constitutional *power* to adjudicate' cases." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). In 28 U.S.C. § 1332(a)(2), Congress, acting pursuant to Article III of the Constitution, conferred upon the district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." This action by Paulsson, a citizen of California, against Canadian citizens seeking damages in excess of $75,000, fits squarely within the language of § 1332(a)(2). Therefore, the district court had subject matter jurisdiction.

The exclusive jurisdiction provision in § 242 of the Alberta Business Corporations Act cannot divest the district court of its jurisdiction to entertain Paulsson's counterclaim. "Only the Constitution and the laws of the United States can dictate what cases or controversies our federal courts may hear." *Randall v. Arabian Am. Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985); *see also Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961) ("In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.").

In holding that it lacked subject matter jurisdiction, the district court relied on several non-binding decisions it found "instructive and persuasive." Order at 6. The district court's reliance on these decisions, while understandable, is ultimately misplaced.

The district court first relied on *Taylor v. LSI Logic Corp.*, 715 A.2d 837 (Del. 1998), *overruled on other grounds by Martinez v. E.I. DuPont de Nemours & Co., Inc.*, 86 A.3d 1102, 1112 n.42 (Del. 2014). In *Taylor*, the plaintiff brought an equitable action under the Canada Business Corporations Act (a statute similar to the Alberta Business Corporations Act) in the Delaware Court of Chancery seeking to enjoin a Delaware company from acquiring a minority shareholder's interest in a Canadian company. *Id.* at 838. Because the Act vested exclusive jurisdiction in Canadian courts, the Delaware Supreme Court held that the Court of Chancery lacked subject matter jurisdiction to grant equitable relief. *Id.* at 841–42.

Of note, the Court of Chancery is "Delaware's Constitutional court of equity," and it "can acquire subject matter jurisdiction over a cause in only three ways, namely, if: (1) one or more of the plaintiff's claims for relief is equitable in character, (2) the plaintiff requests relief that is equitable in nature, or (3) subject matter jurisdiction is conferred by statute." *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004) (footnotes omitted). The third method did not apply in *Taylor* because no statute conferred subject matter jurisdiction on the Court of Chancery. *See* 715 A.3d at 839–41. Therefore, the court had to consider whether it had subject matter jurisdiction over a claim for equitable relief arising under the Canadian Act. Because "the right and the remedy were found to be so

inseparably intertwined that equitable relief under the [Canadian Act] could only be obtained from one of the specific Canadian tribunals mandated in the statute," the Court of Chancery lacked subject matter jurisdiction. *Candlewood*, 859 A.2d at 1007 (summarizing *Taylor*).

This case is different. The district court, unlike the Delaware Court of Chancery, has statutory subject matter jurisdiction to adjudicate Paulsson's counterclaim under 28 U.S.C. § 1332. Even if the right created by § 242 of the Alberta Act "is 'so united' with the remedies available under the statute that" a remedy can be provided only by the Court of Queen's Bench of Alberta, Order at 9 (quoting *Tenn. Coal*, 233 U.S. at 359), the exclusive jurisdiction provision in the Alberta Act cannot deprive the federal district court of its statutory subject matter jurisdiction. As the Fifth Circuit stated in *Randall*: "We reject outright the notion that the law of a foreign country can unilaterally curtail the power of our federal courts to hear a dispute even though the dispute involves rights fixed by the laws of another nation." 778 F.2d at 1150. Otherwise put, "foreign law . . . cannot determine the subject matter jurisdiction of an American court." *Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 366 (4th Cir. 2014) (Wilkinson, J., concurring); *see also Veitz v. Unisys Corp.*, 676 F. Supp. 99, 102 (E.D. Va. 1987) ("Even the Act of State Doctrine, which functions somewhat as a parallel to the Full Faith and Credit Clause at the international level, is not violated by a federal court's refusal to apply a foreign exclusive jurisdiction provision." (citing *Randall*, 778 F.2d at 1153)).

"To allow foreign law to dictate the availability of subject-matter jurisdiction would be to divest the Constitution and Congress of their sovereign authority to decide the extent

of the power of the judicial branch." *Flame S.A.*, 762 F.3d at 363 (Wilkinson, J., concurring). We cannot do that.

Nonetheless, dismissal was the proper judgment. Although foreign law cannot limit the jurisdiction of an Article III court to entertain controversies, when it creates a right, that foreign law can determine the remedy. Here, the Alberta Business Corporations Act provided a remedy available only through "the Court of Queen's Bench of Alberta." § 1(m). Thus, the counterclaim asserted by Paulsson is one upon which no relief could be granted by the district court. Rule 12(b)(6) provides the vehicle for dismissal of a complaint (or in this case, a counterclaim) for "failure to state a claim upon which relief can be granted."

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Whether the court can provide Paulsson a remedy under § 242 of the Alberta Business Corporations Act is a dispositive issue of law. Moreover, we have recognized that "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Of course, the district court must give notice of its sua sponte intention to dismiss and provide the plaintiff with "an opportunity to at least submit a written memorandum in opposition to such motion." *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981). Here, however, the district court fulfilled its notice requirement when it requested additional briefing regarding its jurisdiction to issue a shareholder oppression remedy under § 242 of the Alberta Business Corporations Act. Although the district court spoke in terms of the wrong subsection of Rule 12, it nonetheless provided Paulsson with ample knowledge that it contemplated dismissing his

counterclaim because of its lack of authority to grant relief. Indeed, the district court notified Paulsson and provided him an opportunity to brief, argue, and, if he could, correct the defect.  He could not and therefore, of course, did not.

In affirming the judgment of dismissal, we note that there is no occasion to remand to provide Paulsson any opportunity to amend his pleadings because he "cannot possibly win relief." *Id.*  As the district court correctly stated:  "[T]he right created by § 242 of the [Alberta Business Corporations Act] . . . can be enforced only in the designated tribunal—the Court of Queen's Bench of Alberta." Order at 9.  Because the district court is not the Queen's Bench of Alberta, Paulsson cannot possibly win relief in the district court.  Dismissal under Rule 12(b)(6) is therefore proper.

* * *

For the reasons stated, we affirm the district court's dismissal of Paulsson's counterclaim for breach of fiduciary duties owed by directors under § 242 of the Alberta Business Corporations Act.

**AFFIRMED.**