NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN BARTSCH HERTERICH, | No. 20-16286 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-07754-SBA |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Norman Bartsch Herterich appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising

from California state court proceedings involving his father's estate.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(1) and 12(b)(6). *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015). We affirm.

The district court properly dismissed Herterich's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "forbidden de facto appeal" of prior state court decisions and Herterich raised claims that were "inextricably intertwined" with those state court decisions. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramo*s, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We reject as meritless Herterich's contention that the district court improperly relied on facts that conflicted with the complaint when it took judicial notice of prior state court decisions.

The district court did not abuse its discretion by dismissing Herterich's complaint without leave to amend because further amendment of Herterich's claims would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment would be futile).

**AFFIRMED.**