**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL COBB, | No. 23-15567 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00241-JAS |
| v. | |
| CATRICIA HOWARD, Complex warden at USP-Tucson; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted November 20, 2024**

Before: CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Federal prisoner Daniel Cobb appeals pro se from the district court's

judgment dismissing his action under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims

Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015) (dismissal under Fed. R. Civ. P. 12(b)(1)). We affirm.

The district court properly dismissed Cobb's *Bivens* claims because they do not arise in one of the three contexts the Supreme Court has recognized, and thus would require expansion of the *Bivens* remedy, and there is an alternative remedial structure available to Cobb. *See Egbert v. Boule*, 596 U.S. 482, 490-93, 497 (2022) (explaining that recognizing a cause of action under *Bivens* is "a disfavored judicial activity" and that the presence of an alternative remedial structure precludes recognizing a *Bivens* cause of action in a new context).

The district court properly dismissed as moot Cobb's claims for injunctive and declaratory relief because after bringing this action, Cobb was transferred to another prison and named defendants were no longer capable of providing relief. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (an inmate's transfer from a prison while his claims are pending will generally moot any claims for injunctive relief relating to conditions at that prison); *Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted). We reject as unsupported by the record Cobb's contention that the restrictions on his communications with his family are based on a system-wide policy. *See Safe Air for Everyone v. Meyer*,

373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion by denying as moot Cobb's motion to strike a copy of the Bureau of Prison ("BOP") policy attached to defendants' motion to dismiss. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (stating that "district courts have inherent power to control their dockets" and this court "will reverse a district court's litigation management decisions only if it abused its discretion" (citations and internal quotation marks omitted)).

We reject as unsupported by the record Cobb's contention that the district court failed to consider Cobb's allegations relating to defendants' conduct between June 2017 and December 2022.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents and facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**