NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KET HAWKINS, III, | No. 23-16221 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00156-KJM-DB |
| v. | |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES; MICHELLE CALLEJAS, Board of Supervisor; JEFF KING, Associate Judge, Deputy Director; DOROTHY GIPSON, Social Worker; JOAANNE EAST, County Counsel; SHAUNNA BUONO, Resource Family Social Worker, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 18, 2025**

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Ket Hawkins, III, appeals pro se from the district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging violations of the Indian Child Welfare Act ("ICWA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015). We affirm.

The district court properly dismissed Hawkins's action because Hawkins failed to allege facts sufficient to establish that he was the parent of "Indian children" within the meaning of ICWA. *See* 25 U.S.C. § 1914 (specifying those who can bring a petition under ICWA; among others, lists parents and Indian custodians from whose custody an "Indian child" was removed); 25 U.S.C. § 1903(4) (defining the term "Indian child"); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (explaining that a lack of statutory standing requires dismissal for failure to state a claim).

**AFFIRMED.**