NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD L. CLARK,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>STATE OF CALIFORNIA; et al.,<br><br>          Defendants-Appellees. | Nos. 23-55628<br>       23-55715<br><br>D.C. No. 8:22-cv-01390-MWF-JPR<br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 18, 2025[**]

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

    Edward L. Clark appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising out of state court divorce

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015)

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(dismissal under Fed. R. Civ. P. 12(b)(1)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Clark's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Clark's claims are a "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Carmona v. Carmona*, 603 F.3d 1041, 1050-51 (9th Cir. 2010) (*Rooker-Feldman* doctrine barred plaintiff's claims seeking to enjoin state family court orders); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (*Rooker-Feldman* doctrine bars a claim of extrinsic fraud if the alleged fraud has been separately litigated in a state action); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

The district court did not abuse its discretion in denying Clark's motion for disqualification and recusal because Clark failed to establish any basis for relief. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455). We reject as unsupported by the record Clark's contentions that the magistrate judge had a conflict of interest or that either the district or

2

magistrate judge was biased against him.

The district court did not abuse its discretion in denying Clark's motion to alter or amend the judgment and for relief from judgment because Clark failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 60).

The district court did not abuse its discretion in dismissing Clark's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**