**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRUCE WESTIN,

   Plaintiff - Appellant,

 v.

CITY OF CALABASAS; CALIFORNIA
SUPERIOR COURT; CALIFORNIA
COURT OF APPEALS,

   Defendants - Appellees.

No. 23-3729

D.C. No. 2:22-cv-03788-VBF-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted March 17, 2025[**]

Before: CANBY, R. NELSON, and FORREST, Circuit Judges.

 Bruce Westin appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging violations of the Fifth and Fourteenth

Amendments.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Westin's claims against the City of Calabasas because Westin failed to allege facts sufficient to state a plausible Fifth Amendment claim or show that he suffered a constitutional violation as a result of an official policy or custom. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998) (setting forth requirements for stating a claim under the Takings Clause); *see also Cedar Point Nursery v. Hassid*, 594 U.S. 139, 160 (2021) (observing that when items are seized in accordance with a valid exercise of police power, "the government owes a landowner no compensation for requiring him to abate a nuisance on his property, because he never had a right to engage in the nuisance in the first place"); *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

The district court properly dismissed Westin's claims against the California Superior Court and California Court of Appeal because Westin's claims were a "de facto appeal" of prior state court judgments or were "inextricably intertwined" with those judgments. *See Noel,* 341 F.3d at 1163–65 (discussing proper application of

2                                                      23-3729

the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**