NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWARD HOWARD WILEY,

Plaintiff - Appellant,

v.

QUINN LU, Doctor,

Defendant - Appellee.

No. 24-3647

D.C. No.
2:24-cv-01934-JLS-BFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 19, 2025[**]

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Edward Howard Wiley appeals pro se from the district court's judgment dismissing his action alleging medical malpractice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Seismic Reservoir*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015). We affirm.

The district court properly dismissed Wiley's action because Wiley failed to establish federal subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997) (stating that the plaintiff has the burden of establishing subject matter jurisdiction); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (explaining that an action may be dismissed for lack of subject matter jurisdiction where the alleged federal claim is "wholly insubstantial and frivolous" or "otherwise completely devoid of merit as not to involve a federal controversy" (citations omitted)); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that 28 U.S.C. § 1332 applies only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

The district court did not abuse its discretion by striking Wiley's motion for default judgment because Wiley failed to establish any ground for default judgment. *See* Fed. R. Civ. P. 55(a) (providing that a default can be entered against a party only where that party "has failed to plead or otherwise defend"); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider before entering default judgment).

We reject as unsupported by the record Wiley's contentions that the district judge was biased against him.

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 8) requesting "that all damages for relief . . .

be determined by the Ninth Circuit Court of Appeals" is denied.

**AFFIRMED.**