**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ANTHONY D. BELCHER Sr.,

Plaintiff - Appellant,

v.

ROB BONTA; LAURIE M. EARL;
SEBASTIAN BRADY; JENNIFER K.
ROCKWELL,

Defendants - Appellees.

No. 25-1657

D.C. No. 2:24-cv-00976-DAD-JDP

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Anthony D. Belcher, Sr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations relating to

his sex offender registry requirement, which he unsuccessfully challenged in state

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015) (dismissal under Fed. R. Civ. P. 12(b)(1)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Belcher's action for lack of subject matter jurisdiction because Belcher's action is a de facto appeal of a prior state court judgment, and he raises claims that are inextricably intertwined with that judgment. *See Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Belcher's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

All pending motions are denied.

**AFFIRMED.**